UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM R. ALLSOP,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>BRENT REINKE,[1]<br><br>　　　　　　　Respondent. | Case No. 1:12-cv-00260-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Idaho state prisoner William Allsop filed a Petition for Writ of Habeas Corpus challenging his state criminal conviction and sentence. (Dkt. 3.) Respondent filed a Motion for Summary Dismissal, asserting that the Petition is subject to dismissal because the claims are both untimely and procedurally defaulted. (Dkt. 18, 18-1.) Petitioner received the Notice to Pro Se Litigants of the Summary Judgment Rule Requirements and filed a Response. (Dkt. 19, 22.) The Motion is now ripe for adjudication.

　　　　Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders, in accordance with U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 7,

---

　　　　[1] Because Petitioner is now housed at an out-of-state facility and Petitioner cannot proceed against the state of Idaho, the Court has substituted Respondent Brent Reinke, Idaho Department of Correction Director, who is Petitioner's legal custodian. *See* Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court.").

**MEMORANDUM DECISION AND ORDER - 1**

11, 12.) Having reviewed the record, including the state court record, the Court concludes that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## BACKGROUND

On February 24, 2006, Petitioner was charged with two counts of lewd conduct with a minor under the age of sixteen in a criminal case in Bonneville County, Idaho. (State's Lodging A-1, pp. 7-8.) A competency evaluation and hearing revealed that Petitioner was unable to proceed with his defense, and he was committed to the Department of Health and Welfare for 90 days. (*Id.*, pp. 27-28; State's Lodging A-3, pp. 1-148.) During his commitment, Petitioner was re-evaluated and found competent. The state district court found Petitioner competent to proceed on January 8, 2007. (State's Lodgings A-1, p. 64; A-3, pp. 149-155.)

On February 27, 2007, Petitioner entered into a plea agreement with the State, pleading guilty to one count of lewd conduct in exchange for dismissal of the other count and an agreement from the State not to file additional charges. (State's Lodging A-1, pp. 81-82.) At sentencing, the Court imposed a sentence of 15 years fixed, with life indeterminate. (*Id.*, pp. 87-90.) Thereafter, Petitioner filed a Rule 35 motion for reduction of sentence, which was denied. (*Id.*, pp. 92-94, 112D.)

Petitioner filed a direct appeal, in which he alleged that the state district court abused its discretion in pronouncing a sentence that was excessive and in denying the Rule 35 motion. (State's Lodging B-1.) Petitioner focused on whether the state district court properly applied state case law and statutory law in considering Petitioner's mental

**MEMORANDUM DECISION AND ORDER - 2**

illness, arguing that the primary reason for the lengthy sentence was the State's lack of adequate mental health resources and alternatives to a prison sentence.

The Idaho Court of Appeals affirmed the sentence and denial of the Rule 35 motion based upon state law, and the Idaho Supreme Court denied the petition for review. (State's Lodgings B-3, B-6.) The remittitur was issued on April 22, 2009. (State's Lodging B-7.)

Over one year later, on August 6, 2010, Petitioner filed a petition for post-conviction relief, asserting that his trial counsel was ineffective under the Sixth Amendment for not advising him of his Fifth Amendment privilege against self-incrimination as it applied to pre-sentencing psychosexual evaluations. (State's Lodging C-1, pp. 3-7.) The district court appointed counsel for Petitioner and then dismissed the petition as untimely, after a hearing in which Petitioner's counsel conceded that the petition was untimely and that Petitioner had no evidence to show that equitable tolling should be applied (such as evidence of incompetency). (State's Lodging C-1, p. 14; C-2, pp. 1-2, 21-22.)

The Court appointed the State Appellate Public Defender for Petitioner on appeal, who reviewed the case and filed a motion to withdraw from the case after concluding that there were no meritorious issues for appeal. (State's Lodgings D-1, D-2.) The motion was granted, and Petitioner proceeded pro se. (State's Lodgings D-3, D-4.)

On appeal, Petitioner argued that he was incompetent and did not understand his plea agreement as a result of the medication he was taking at that time, and that the Idaho

**MEMORANDUM DECISION AND ORDER - 3**

Court of Appeals should overturn his indeterminate life sentence. (State's Lodging D-4.) At the same time, Petitioner also stated that he did not contest his guilty plea, and he failed to address the timeliness issue. (*Id.*) The Idaho Court of Appeals concluded that it would not consider the issue of incompetency at the plea stage of proceedings, because it was raised for the first time on appeal. (State's Lodging D-6, p. 2.) In addition, in reviewing the timeliness issue, the Court of Appeals determined, "when the basis for a trial court's ruling is not challenged on appeal, an appellate court will affirm on the unchallenged basis." As a result, the district court's dismissal on the basis of untimeliness was affirmed. (*Id.*, p. 3)

Petitioner did not file a petition for review before the Idaho Supreme Court, and the remittitur was issued on May 23, 2012. (State's Lodging D-7.) This concluded Petitioner's state court proceedings.

The federal Petition for Writ of Habeas Corpus in this action was filed on May 22, 2012 (mailbox rule date), during the pendency of the (untimely) post-conviction action. Petitioner asserts three claims. Because the first claim was indecipherable, it was dismissed on initial review. (Dkt. 8.) The second claim is that Petitioner's guilty plea was involuntary under the Fourteenth Amendment as a result of Petitioner's medication. The third claim is that Petitioner's sentence constitutes cruel and unusual punishment under the Eighth Amendment. (*Id.*)

**MEMORANDUM DECISION AND ORDER - 4**

**REVIEW OF MOTION FOR SUMMARY DISMISSAL**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

**1.     Statute of Limitations**

   **A.     *Standard of Law***

The Petition for Writ of Habeas Corpus in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition. The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court has clarified application of this rule:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

**MEMORANDUM DECISION AND ORDER - 5**

*Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

The statute provides tolling (suspension) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce one's sentence that is not a part of the direct review process and that requires re-examination of the sentence to determine appropriateness qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S.Ct. 1278 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that such application was pending in state court will not count toward the one-year limitations period.

The limitations period may be equitably tolled under exceptional circumstances. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling, an exceptional circumstance must have caused Petitioner to be unable to file his federal Petition in time. Petitioner bears the burden of showing that equitable tolling should apply to his case. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

The United States Court of Appeals for the Ninth Circuit has determined that there is an "actual innocence" exception to the AEDPA statute of limitations. *See Lee v.*

**MEMORANDUM DECISION AND ORDER - 6**

*Lampert*, 653 F.3d 929 (9th Cir. 2011) (*en banc*). To qualify for the exception, a petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id*. at 937.

### B. *Discussion of Timeliness*

As noted above, Petitioner's direct appeal concluded on April 22, 2009. Petitioner then had 90 days to file a petition for writ of certiorari with the United States Supreme Court. Petitioner's judgment became final at the expiration of the 90 day, which was July 21, 2009.

Petitioner's federal statute of limitations began running on July 21, 2009, and expired one year later, on July 21, 2010. Petitioner's state post-conviction action was not filed until August 31, 2010, which was too late to toll the federal statute of limitations, which had already expired. In addition, because only *properly filed* state collateral proceedings toll the federal statute and Petitioner's state post-conviction action was deemed untimely by the state courts, it could not serve to toll the statute of limitations, even if it had been filed prior to the expiration of the one-year period.

### C. *Discussion of Equitable Tolling and Actual Innocence Exceptions*

Petitioner's response to the Motion to Dismiss is centered on his actual innocence. He alleges that he initially lied to the police officers when he said he had sexually penetrated the victim; he did so because the police detective convinced him that was true. However, he does admit to having sexual contact short of penetration with the victim. (Dkt. 22.)

**MEMORANDUM DECISION AND ORDER - 7**

This assertion of actual innocence is not accompanied by any new evidence. In addition, it does not show that he is actually innocent, because the crime of lewd conduct does not require penetration, only sexual contact, to which Petitioner admits. *See* Idaho Code § 18-1508.[2]

Further, the record contains Petitioner's in-court declaration, under oath, that he had genital-genital contact with a 13-year-old girl with intent to gratify his sexual desires on February 22, 2006. (State's Lodging A-2, p. 16.) At the sentencing hearing, Petitioner stated: "I would like to apologize to the family and the victim. Tell them I'm sorry." (State's Lodging A-2, p. 32.)

The general rule as to individuals who first state they are guilty under oath, and then later seek to recant that testimony, was set forth in *Blackledge v. Allison*, 431 U.S. 63 (1977):

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory

---

[2] Idaho Code § 18-1508 provides:

Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism as defined in section 18-1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

**MEMORANDUM DECISION AND ORDER - 8**

> allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id*. at 73-74.

Based upon the evidence in the record, Petitioner has not shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, Petitioner has not shown that the actual innocence exception should apply to permit the merits of his claims to be considered.

Neither does the record reflect any facts that would support an equitable tolling argument. For example, on post-conviction review, Petitioner's counsel stated that no issues of incompetency were apparent to support an assertion that the state post-conviction statute of limitations should be equitably tolled, which is essentially the same time period at issue here.[3]

## 2. Conclusion

Because the Petition for Writ of Habeas Corpus in this case was untimely, it will be dismissed with prejudice. As a result, the Court need not consider the procedural default argument.

---

[3] Petitioner's counsel stated:

> "[T]he fact of the matter is, I don't have any evidence to suggest that he's been incompetent during the time that this has been pending, so I don't know that I have anything that could toll it. I don't – my client doesn't – hasn't given me anything to suggest that he's incompetent now, and I don't have a doctor's opinion."

(State's Lodging C-2, p. 2.) Counsel went on to say that, even if he were given an opportunity to try to obtain a doctor's opinion on incompetency, he did not think he would be able to obtain one. (*Id.*, pp. 2-3.)

**MEMORANDUM DECISION AND ORDER - 9**

## ORDER

**IT IS ORDERED:**

1. The Motion for Extension of Time to File a Motion to Dismiss (Dkt. 16) is GRANTED. The Motion for Summary Dismissal (Dkt. 18) is considered timely, and is GRANTED.

2. The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **June 6, 2013**

Honorable Ronald E. Bush
U. S. Magistrate Judge